The FRENCH AND POLYCLINIC MEDICAL SCHOOL AND HEALTH CENTER, INC., Plaintiff,

v.

ASSOCIATED HOSPITAL SERVICE OF NEW YORK et al., Defendants.

No. 73 Civ. 5312.

United States District Court,
S. D. New York.

Dec. 18, 1973.

Hayt, Hayt, Tolmack & Landau, Great Neck, N. Y., for plaintiff; Marvin L. Tenzer, New York City, of counsel.

Breed, Abbott & Morgan, New York City, Robert A. Bicks, New York City, Thaddeus Holt, Washington, D. C., Linda R. Blumkin, Donald B. da Parma, of counsel, Louis J. Lefkowitz, Atty. Gen., of the State of New York, New York City, Michael Colodner, New York City, of counsel, for defendants.

## MEMORANDUM

TENNEY, District Judge.

Plaintiff, The French and Polyclinic Medical School and Health Center, Inc. ("French-Polyclinic"), commenced this action by order to show cause, requesting, *inter alia*, that defendants be compelled to pay $210,000 out of monies claimed to be due to it under an Order issued October 4, 1973 by the Cost of Living Council ("CLC") pursuant to plaintiff's request for a hardship exception from the CLC. Defendants cross-moved to dismiss the action for lack of jurisdiction over the subject matter, failure to state a claim upon which relief can be granted, or failure to commence this action within the appropriate period of limitations. For the reasons cited *infra*, plaintiff's motion is denied and defendants' motion to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6) is granted.

A brief recitation of the facts alleged in the complaint is necessary. Pursuant to contract, plaintiff has agreed to render in-patient semi-private care to Associated Hospital Service of New York ("AHS") subscribers for which it is prospectively reimbursed. The rate of reimbursement is set by AHS' Board of Directors, subject to the approval of the Commissioner of Health of the State of New York (defendant Ingraham) and the Superintendent of Insurance of the State of New York (defendant Schenck). On or about January 25, 1973, AHS notified plaintiff that plaintiff's 1973 reimbursement rate would be $117.38 per patient day but that the maximum price AHS could pay was $105.36 per patient day. To determine the second figure, defendant AHS referred to the Economic Stabilization Act of 1970, as amended, 85 Stat. 743, 12 U.S.C.A. §

1904 Note (1973) ("the Act"), and regulations promulgated thereunder pertaining to institutional providers of health services, 6 C.F.R. § 300.18 (1973). (Ingram Aff. at 12–13). On August 29, 1973, plaintiff filed with the CLC a Request for Exception to permit it to raise its rates to third-party payors, including AHS. In an Order dated October 4, 1973, the CLC rendered a decision which provided in pertinent part:

> "It is *Ordered,* That the [plaintiff's] Request for Exception to permit price increases which will result in an increase in aggregate annual revenues of 13.8 percent be approved, such increase to be effective January 1, 1973."

Plaintiff's complaint further alleges that the $117.38 rate to which it believes it is entitled will not result in an increase in aggregate revenues of more than 13.8 percent; that defendants have failed and refused to pay the plaintiff at the higher rate; and that defendants' refusal to do so is damaging it in the amount of approximately $385,000. Thus, plaintiff contends, defendants are violating the Act, or more particularly, the Order of October 4, 1973; the supremacy clause, U. S. Const., Art. VI; and the due process clause of the fourteenth amendment. Plaintiff prays for declaratory and injunctive relief which would, *inter alia,* compel defendants to pay the difference between the $117.38

rate and the $105.36 rate (in the aggregate, $385,000) and declare incorrect and unlawful the rate which defendants have agreed to pay.

Plaintiff brought the instant motion by order to show cause because it claims that, if the defendants do not pay them the interim relief in the amount of $210,000 by December 20, 1973, plaintiff will be forced to close its doors. On that date, the employees of the French Hospital Division of French-Polyclinic are scheduled to be paid. Plaintiff's motion papers also indicate that plaintiff is presently oprating under a Reorganization for the Benefit of Creditors pursuant to Chapter XI of the Bankruptcy Act, 11 U.S.C. § 701 et seq.

Plaintiff alleged in its complaint that subject matter jurisdiction is conferred by §§ 210 and 211 of the Act; 28 U.S.C. § 1331; 42 U.S.C. § 1983 (or more correctly, 28 U.S.C. § 1343); 28 U.S.C. §§ 2201 and 2202; and principles of pendent jurisdiction. In its moving papers it shifted positions and argued that subject matter jurisdiction is based upon 28 U.S.C. § 1334 because plaintiff is operating pursuant to Chapter XI of the Bankruptcy Act and the claim for relief allegedly involves "a claim to property already in the possession of the Court" (Pl.'s Memorandum of Law, p. 8) [1] and 28 U.S.C. § 1331 because the action re-

1. The shift in jurisdictional theories (plaintiff did not rely upon § 1334 in its complaint) had the following genesis. The instant action was brought before this Court because, at the time the action was instituted, it appeared that it had certain factual and legal issues in common with another case currently before this Court, Society of New York Hospital v. *Associated Hospital Service of New York* et al., 367 F.Supp. 149 (S.D.N.Y.1973). In the latter case, subject matter jurisdiction was also alleged to exist under §§ 210 and 211 of the Act; 28 U.S.C. § 1331; 42 U.S.C. § 1983; 28 U.S.C. §§ 2201 and 2202; and principles of pendent jurisdiction. That portion of the Court's Order, dated November 12, 1973, which stated that there was subject matter jurisdiction, is currently under review. For that reason, plaintiff was advised that the Court had some question as to whether jurisdiction existed in this case as well. Apparently hoping to avoid similar jurisdictional problems, counsel for French-Polyclinic argued in its moving papers and during oral argument that determination of jurisdiction in *this* case is a separate matter. At the oral argument of the instant motions, at which counsel for plaintiff in the *New York Hospital* case appeared as friend of the Court, it became apparent that the two cases are indeed distinguishable so that determination of the jurisdictional issue in this case would not necessarily affect the Court's decision in the *New York Hospital* case.

quires an interpretation of a federal statute.

■ Defendants' argument that § 1334 jurisdiction is absent is well taken. A bankruptcy court does not have jurisdiction under § 1334 over every case to which the bankrupt is a party. Where, as here, there exists a substantial issue of law or fact as to the title over "property" which is the basis of the suit—here, the difference between the $117.38 rate and the $105.36 rate—the action is a plenary one not included in the § 1334 grant of federal jurisdiction. *See* Slenderella Systems of Berkeley, Inc. v. Pacific T. & T. Co., 286 F.2d 488 (2d Cir. 1961); 1 Moore's Federal Practice ¶ 0.60 [8.–6] at 654–55.

■ Defendants conceded at oral argument that, inasmuch as the construction of an Order issued pursuant to federal statute is involved here—plaintiff's claim stands or falls depending upon the Court's construction of the Order—and the matter in controversy exceeds the sum of $10,000, the Court has subject matter jurisdiction under § 1331. *See* Powell v. McCormack, 395 U.S. 486, 514, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969); Bell v. Hood, 327 U.S. 678, 685, 66 S.Ct. 773, 90 L.Ed. 939 (1946). They continue to argue, however, that plaintiff's complaint fails to state a claim upon which relief can be granted.

■■ The Court is obliged to deny a motion made pursuant to Fed.R.Civ.P. 12(b)(6) if there are any circumstances under which plaintiff's complaint could be read to state a claim for relief. 2A Moore's Federal Practice ¶ 12.08 at 2271–74. With due regard to plaintiff's severe economic plight, the Court is compelled to find that under no circumstances could it be said that the CLC Order, upon which plaintiff relies, gives plaintiff a claim upon which relief can be granted.

Defendants are correct in arguing that the CLC Order does not give plaintiff a *right* to a reimbursement rate of $117.38 per patient day; it merely sets a ceiling above which such rates cannot go. That the Order is permissive rather than obligatory is clear from its wording. Indeed, it can be inferred from the Act that, had the CLC issued an order which would have had the effect of compelling defendants to reimburse plaintiff at the $117.38 rate, the CLC would have been acting beyond its jurisdiction. At oral argument, plaintiff asserted that defendants had, in fact, agreed in principle to pay plaintiff at the higher rate.[2] Although that fact is not denied by defendants, it does not give plaintiff any claim for relief under the Order, or by extension, the Act. Clearly, all that the Order entitles plaintiff to do is to ask for reconsideration of the 1973 reimbursement rates either by bringing an Article 78 proceeding under New York Civil Procedure Law and Rules or by appealing according to internal procedures set up by AHS and the New York State Department of Health. (*See* Ingram Aff. and Exh. B attached thereto.)

The decision that, as a matter of law, plaintiff's complaint fails to state a claim for which relief can be granted compels this Court to deny plaintiff's request for preliminary injunctive relief ordering defendants to reimburse it in the amount of $210,000 because plaintiff has no reasonable probability of ultimate success at trial. Checker Motors Corp. v. Chrysler Corp., 405 F.2d 319, 323 (2d Cir. 1969).

Accordingly, plaintiff's motion is denied and defendants' motion to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6) is granted.

So ordered.

2. The Court does not decide whether this purported agreement to pay plaintiff at the higher rate gives rise to a claim of relief under state law. Plaintiff did not pursue that argument at the hearing. However, even if it had so argued, it is the Court's determination that the claim is not properly within its pendent jurisdiction.